## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:16CV-P314-TBR

**TYRICE CHANTEZ ADAMS**                                            **PLAINTIFF**

v.

**JEFFERSON COUNTY PROSECUTORS** *et al.*                    **DEFENDANTS**

### MEMORANDUM OPINION

      Plaintiff Tyrice Chantez Adams, an inmate at the Hardin County Detention Center, initiated this action proceeding *pro se*. Plaintiff states, "I am filing to your court federal charges accusing unlawful business and judiciary practices by the courts to obtain 'convictions' in my case at this time." He maintains that "[t]he Jefferson County Circuit Court and Commonwealth of Kentucky (attorney/attorney's) requ[ir]es investigation – contact proper authorities. <u>Request judicial investigation</u>." (Emphasis by Plaintiff.) Plaintiff states, "This is a Formal Criminal Complaint. Plaintiff seeks to file criminal charges against the Jefferson County Prosecutors, The Jefferson County Judiciary, Shively Police Department, Jefferson County Police Department and Circus Auto for alleged misconduct, fraud and perjury in connection with a criminal case against plaintiff and another case."

      Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power

authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Adams is a private citizen and cannot initiate criminal charges against anyone. He therefore fails to establish the Court's subject-matter jurisdiction over this action. The Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4413.010

2